UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00450

**James Fontenot et al.,**
*Plaintiffs,*

v.

**Whitehouse Independent School District,**
*Defendant.*

# OPINION AND ORDER

Plaintiffs James and Leslie Fontenot, proceeding pro se, filed this action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Individuals with Disabilities Education Act (IDEA), and several other federal statutes. The case was referred to a magistrate judge. Doc. 5. Defendant Whitehouse Independent School District filed a motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction. Doc. 7. The magistrate judge issued a report and recommendation to grant in part and deny in part the motion to dismiss. Doc. 10. Defendant timely filed an objection. Doc. 11. Plaintiffs did not file any objections, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b).

When there have been no timely objections to a report and recommendation, the court reviews it only for clear error. *Id.*, advisory committee's notes to 1983 amendment; *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c). However, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

### I. Defendant's objection

Defendant objects to the magistrate judge's recommendation that the defendant's motion to dismiss be denied as to plaintiffs' ADA claim. Doc. 11 at 1. Defendant moved to dismiss plaintiffs' ADA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Doc. 7 at 8–10. According to defendant, plaintiffs were required to exhaust their administrative remedies under IDEA before filing their ADA claim because the ADA claim seeks relief that is also available under IDEA. *Id.* at 9.

Defendant is correct that "IDEA contains an exhaustion requirement for certain claims brought under laws that may overlap with the IDEA, including the ADA." *J.W. v. Paley*, 81 F.4th 440, 447 (5th Cir. 2023). However, the exhaustion requirement "applies only to suits that seek relief also available under IDEA." *Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 147 (2023) (cleaned up). As such, the magistrate judge found that the requirement was inapplicable because plaintiffs were seeking compensatory damages, "a form of relief everyone agrees IDEA does not provide." *Id.* at 148. Defendant did not object to this finding, and the court finds no clear error.

Instead, defendant objected on the grounds that plaintiffs failed to plausibly allege a claim for relief under the ADA. Doc. 11 at 2–3. This argument was not raised in the defendant's motion to dismiss and fails procedurally because a party may not raise before the district court legal arguments that were not presented to the magistrate judge. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *see also Field v. Anadarko Petrol. Corp.*, 35 F.4th 1013, 1019 n.3 (5th Cir. 2022) ("The Intervenors may have forfeited their argument related to possible indemnity . . . because it is not clear they raised this issue until they filed objections to the magistrate judge's report and recommendation . . . ."). Thus, the court accepts the

magistrate judge's recommendation to deny defendant's motion to dismiss the ADA claim.

## II. Other claims

There were no objections to any other portions of the report and recommendation, so the court reviews it only for clear error. *Douglass*, 79 F.3d at 1420.

As to the IDEA claim, the magistrate found that plaintiffs failed to allege that they exhausted IDEA's administrative procedures before filing suit. Doc. 10 at 7; *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) ("Under the IDEA, a plaintiff must exhaust these administrative procedures before filing a claim . . . ."). Finding no clear error, the court accepts the magistrate judge's recommendation to dismiss the IDEA claim without prejudice.

As to the § 1983 claim, the magistrate judge found that plaintiffs failed to allege sufficient knowledge of an offending policy or custom. Doc. 10 at 10. "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Regarding the official policy element, the plaintiff must show that the municipality either (1) officially adopted and promulgated a policy statement, ordinance, regulation, or decision or (2) had actual or constructive knowledge of a persistent and widespread practice of city officials or employees. *Webster v. City of Hou.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam).

Here, the magistrate judge found that plaintiffs failed to allege that defendant officially adopted or promulgated the complained of policy. Furthermore, plaintiffs' only allegation of actual or constructive knowledge was plainly contradicted by the video recording they cited. *See* Doc. 10 at 11. Because plaintiffs failed to sufficiently allege a crucial element of their claim, the court finds no

clear error and accepts the magistrate judge's recommendation to dismiss the § 1983 claim.

Finally, the magistrate judge recommended dismissal of several other claims that were based on a debt-collection statute and various federal criminal statutes. Doc. 10 at 11–13. The Federal Debt Collection Act (FDCA) claim bears no relation whatsoever to the allegations in plaintiffs' complaint. Furthermore, none of the criminal statutes cited by plaintiff create private rights of action. Finding no clear error, the court accepts the magistrate judge's recommendation to dismiss plaintiffs' claims that are based on the FDCA or any criminal statute.

### III. Conclusion

Having reviewed the magistrate judge's report, the court overrules defendant's objections and accepts the report's findings and recommendations. Defendant's motion to dismiss (Doc. 7) is granted in part and denied in part. The motion is denied as to plaintiffs' ADA claim. Plaintiffs' remaining claims are dismissed without prejudice.

*So ordered by the court on September 4, 2025.*

J. CAMPBELL BARKER
United States District Judge