**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JAMES FONTENOT; LESLIE FONTENOT, individually and as guardians of Minor W.F., *Plaintiffs*, | § | |
| v. | § | CASE NO. 6:24-CV-450-JCB-KNM |
| WHITEHOUSE INDEPENDENT SCHOOL DISTRICT, *Defendant.* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' motion to dismiss with prejudice. Doc. 38. This case is referred to the undersigned for all pretrial matters in accordance with 28 U.S.C. § 636(b).

Plaintiffs, proceeding *pro se*, filed this lawsuit in their individual capacities as well as on behalf of their minor child. Doc. 1. On May 18, 2026, the Court ordered Plaintiffs to clarify whether they assert their remaining[1] ADA claim individually, on behalf of their child, or both. Doc. 32. The Court further ordered Plaintiffs to establish that federal or state law authorizes them to litigate their child's ADA claim *pro se*. *Id.* The Court explained that absent such authority, Plaintiffs lack standing to litigate their child's ADA claim *pro se*, and the Court must dismiss it for lack of jurisdiction. *Id.*

Instead of a response, Plaintiffs filed a motion to dismiss their case without prejudice. Doc. 34. Defendant filed a response to Plaintiffs' motion asking that dismissal be with prejudice. Doc.

[1]Plaintiffs' other claims were previously dismissed. *See* Doc. 12.

36. In the alternative, Defendant asked the Court to: (1) dismiss any claims Plaintiffs assert in their individual capacities with prejudice; and (2) dismiss any claims brought on their child's behalf without prejudice. *Id.* The Court subsequently ordered Plaintiffs to file a reply, stating their position on Defendant's request for dismissal with prejudice. Doc. 37. Instead of a reply, Plaintiffs filed a second motion to dismiss their case, this time seeking dismissal with prejudice. Doc. 38. Defendants did not file a response to this motion.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court may order dismissal at Plaintiffs' request on terms the Court considers proper. Here, consistent with Plaintiffs' second motion and Defendant's response to the initial motion, it is recommended that Plaintiffs' case be dismissed with prejudice.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Plaintiffs' motion to dismiss (Doc. 38) be **GRANTED** and that this case be **DISMISSED with prejudice**.[2]

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

[2]This ruling prohibits Plaintiffs from bringing this ADA claim individually or *pro se* on behalf of their minor child again in the future. However, this ruling does not impact the minor child's ability to bring any claims he may have through licensed counsel.

*United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of July, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE